IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FREDDIE BRITO,

        Plaintiff,
vs.                                                        CIVIL NO.   07-405 RB/LFG

ANTONY ELEBARIO, Administrator,
Quay County Detention Center; WARREN
FIELD, Assistant Administrator, Quay
County Detention Center; T. J. RICH;
RICKY PURCELL and Unknown Entities,

        Defendants.

## **REPORT AND RECOMMENDATION**

On October 1, 2007, the Court issued its Order to Show Cause [Doc. 6], and directed Plaintiff Freddie Brito ("Brito") to show cause, if he any he has, why his lawsuit should not be dismissed without prejudice due to his lack of prosecution and failure to serve.

The Court noted that, in May 2007, he was granted *in forma pauperis* status and authorized to file an amended complaint within twenty days. No amended complaint was filed. Moreover, there is no indication that Brito has taken steps necessary to provide the United States Marshal with information concerning where the Defendants could be served. Consequently, no service of process has occurred and the time for effecting service has since elapsed. Fed. R. Civ. P. 4(m).

The Court directed Brito to show cause by formal response filed with the Clerk of the Court by October 15, 2007, as to why this litigation should not be dismissed without prejudice for his failure to prosecute.

On October 16, 2007, Brito filed four pages of documents. The first was the Court's own CM/ECF notice to attorneys concerning opening an CM/ECF account. *Pro se* parties are exempt and need not electronically file. It is unclear why Brito submitted this notice. Secondly, Brito

returned the Court's own Order to Show Cause with his signature at the bottom of the order.  Third, Brito submitted a copy of the CM/ECF "Notice of Electronic Filing."  Again, it is not clear why this document was submitted to the Court.

Finally, Brito submitted what appears to be some type of "sign-up" sheet.  That is, it is a sheet of paper with fifteen signatures, obviously executed by different individuals.  Some of the signatures are accompanied by a full or partial address, others are not.  There is no explanation as to what this sheet purports to be or why it was submitted.

While the Court has described what Brito submitted, what is more important is what he failed to submit.  The Court directed Brito to show cause why his lawsuit should not be dismissed without prejudice for failure to prosecute.  He has offered no explanation as to why he did not file his amended complaint.  He has offered no explanation as to what information, if any, may have been provided to the United States Marshal so as to allow the Marshal to effect service of process, and he has offered no reason as to why this case should be kept pending, even though more than 120 days have elapsed.

Under these circumstances, the Court determines that Brito has failed to show cause why this case should remain on the Court's active docket.  The Court, therefore, recommends dismissal of this lawsuit without prejudice.[1]

                                                  *Lorenzo F. Garcia*
                                                  Lorenzo F. Garcia
                                                  Chief United States Magistrate Judge

---

[1] Within ten (10) days after a party is served with a copy of this report and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed by **November 5, 2007**, no appellate review will be allowed.